[664 NYS2d 433]

In the Matter of H. MICHAEL ZUKOWSKI, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 20, 1997

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in New York by the Third Judicial Department on April 21, 1980. At all times relevant to this proceeding, respondent maintained an

office for the practice of law within the First Judicial Department.

On October 1, 1996, this Court suspended respondent, pursuant to 22 NYCRR 603.4 (e) (1) (i), based upon his willful failure to cooperate with the Departmental Disciplinary Committee in its investigation into three separate complaints of professional misconduct (225 AD2d 1). By petition dated July 8, 1997, the Committee seeks a further order, pursuant to 22 NYCRR 603.16 (c) (1) and Judiciary Law § 90 (2), suspending respondent from the practice of law, on the ground of physical incapacity, for an indefinite period and until a determination of the respondent's capacity to continue the practice of law is made. The petition also seeks the appointment of an attorney to inventory respondent's files.

For approximately a one-month period following the entry of the order of suspension on October 1, 1996, respondent provided the Committee with answers to several of the complaints that had been filed against him. Thereafter, respondent ceased cooperating, and the Committee subsequently learned that he was hospitalized and in intensive care during December 1996 and until February 1, 1997. At the present time, respondent is in Florida and has advised the Committee that he wishes to cooperate but is physically unable to return to New York because of his medical condition.

Accordingly, the petition of the Disciplinary Committee is granted and respondent's suspension from the practice of law in the State of New York is continued for an indefinite period until such time as he is physically able to participate in the disciplinary proceeding against him and until further order of this Court. Petitioner is directed to appoint an attorney to inventory respondent's files and take such action as is deemed necessary to protect the interests of clients, in accordance with section 603.16 (d) (1) of the Rules of this Court.

SULLIVAN, J. P., MILONAS, TOM, MAZZARELLI and COLABELLA, JJ., concur.

Petition to suspend respondent granted, and respondent's suspension from the practice of law is continued for an indefinite period until such time as he is physically able to participate in the disciplinary proceeding against him and until the further order of this Court. Petitioner is directed to appoint an attorney to inventory respondent's files and take such action as is deemed necessary to protect the interests of clients, in accordance with section (d) (1) of the Rules of this Court.